UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WELLS FARGO BANK, N.A., | Case No. 2:16-CV-2257 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| SFR INVESTMENTS POOL I, LLC, et al., | |
| Defendant(s). | |

Presently before the court is SFR Investments Pool 1, LLC's ("SFR") motion to certify question of law to the Nevada Supreme Court. (ECF No. 20). Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") filed a response (ECF No. 26), to which SFR replied (ECF No. 30).

Also before the court is defendant Foothills at MacDonald Ranch Master Association's (the "HOA") motion to dismiss. (ECF No. 23). Wells Fargo filed a response (ECF No. 31), to which the HOA replied (ECF No. 35).

**I.   Facts**

This case involves a dispute over real property located at 1741 Choice Hills Drive, Henderson, Nevada 89012 (the "property"). Theresa J. Wingender obtained a loan from World Savings Bank FSB in the amount of $562,500.00 to purchase the property, which was secured by a deed of trust recorded on June 23, 2003. (ECF No. 1). Wells Fargo is the successor-in-interest to World Savings Bank FSB by merger. (ECF No. 1).

On January 17, 2007, defendant Homeowner Association Services, Inc. ("HASI"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien, stating an amount due of $1,194.00. (ECF No. 1). On August 16, 2011, HASI recorded a notice of delinquent assessment lien, stating an amount due of $19,454.00. (ECF No. 1). On August 29, 2011, HASI recorded a

notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $24,129.69. (ECF No. 1). On August 12, 2013, HASI recorded a notice of trustee's sale, stating an amount due of $33,877.90. (ECF No. 1).

On September 26, 2013, SFR purchased the property at the foreclosure sale for $56,000.00. (ECF No. 1). A trustee's deed upon sale in favor of SFR was recorded on January 14, 2014. (ECF No. 1).

On September 26, 2016, Wells Fargo filed the underlying complaint, alleging six causes of action: (1) declaratory relief under the Takings Clause of the Fifth Amendment against all defendants; (2) declaratory relief under the Due Process Clause of the Fifth and Fourteenth Amendments against all defendants; (3) wrongful foreclosure against all defendants; (4) violation of NRS 116.1113 against the HOA and HASI; (5) unjust enrichment against the HOA and SFR; and (6) quiet title against all defendants. (ECF No. 1)

On January 6, 2017, SFR filed a counterclaim against Wells Fargo and a crossclaim against Transunion Settlement Solutions for quiet title and injunctive relief. (ECF No. 18).

In the instant motions, SFR moves to certify a question of law to the Nevada Supreme Court (ECF No. 20), and the HOA moves to dismiss Wells Fargo's claims against it pursuant to NRS 38.310 and Federal Rule of Civil Procedure 12(b)(6) (ECF No. 23). The court will address each as it sees fit.

**II.    Legal Standards**

**A. Certify Question of Law to the Nevada Supreme Court**

The Nevada Rules of Appellate Procedure provide that the Supreme Court of Nevada has the power to answer "questions of [state] law . . . which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of [Nevada]." Nev. R. App. P. 5(a).

The Nevada Supreme Court "may answer questions of law certified [] by a federal court when (1) [the] answers to the certified questions may be determinative of part of the federal case, (2) there is no clearly controlling Nevada precedent, and (3) the answers to the certified questions

will help settle important questions of law. *See, e.g.*, *Hartford Fire Ins. Co. v. Tr. of Const. Indus.*, 208 P.3d 884, 888 (Nev. 2009).

Where the question does not impact the merits of a claim pending before the certifying court, the question should not be certified to the Supreme Court. *See* Nev. R. App. P. 5(a) (requiring that certified question be "determinative"); *see also Volvo Cars of N. Am., Inc. v. Ricci*, 137 P.2d 1161, 1164 (Nev. 2006) (declining to answer certified questions where "answers to the questions posed [] would not 'be determinative' of any part of the case"). "The certification procedure is reserved for state law questions that present significant issues, including those with important public policy ramifications, and that have not yet been resolved by the state courts." *Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003).

Federal courts have discretion to certify questions of state law. *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). "Resort to certification is not mandatory where state law is unclear on a particular issue." *Carolina Cas. Ins. Co. v. McGhan*, 572 F. Supp. 2d 1222, 1225 (D. Nev. 2008) (citing *Lehman Bros.*, 416 U.S. at 390–91). Generally, "[w]hen a decision turns on applicable state law and the state's highest court has not adjudicated the issue, a federal court must make a reasonable determination of the result the highest state court would reach if it were deciding the case." *Aetna Cas. & Sur. Co. v. Sheft*, 989 F.2d 1105, 1108 (9th Cir. 1993).

Further, a federal court may decline to certify a question where controlling precedent is available for guidance. *Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033, 1041 (9th Cir. 2014); *see also Kehoe v. Aurora Loan Servs., LLC*, No. 3:10-cv-256-RCJ-RAM; 2010 WL 4286331, at *11 (D. Nev. Oct. 20, 2010) (declining to certify question to Nevada Supreme Court where statutory language was sufficiently clear for the court to apply).

Finally, a party must show "particularly compelling reasons" for certification when that party first requests it after losing on an issue. *Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984) ("Ordinarily such a movant should not be allowed a second chance at victory when, as here, the district court employed a reasonable interpretation of state law.").

. . .

. . .

**B. Motion to Dismiss**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that

are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### A. Certify Question of Law to the Nevada Supreme Court (ECF No. 20)

SFR requests that the court certify the following question to the Nevada Supreme Court: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowners' associations to provide notices of default to banks even when a bank does not request notice?" (ECF No. 20).

The court declines to certify this question as controlling precedent is available for guidance. The Ninth Circuit, in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016)—which SFR cites to in its motion—explicitly answered SFR's exact question in the negative. More specifically, the Ninth Circuit held, in relevant part, as follows:

> Bourne Valley argues that Nevada Revised Statute section 116.31168(1), which incorporated section 107.090, mandated actual notice to mortgage lenders whose rights are subordinate to a homeowners' association super priority lien. . . . According to Bourne Valley, this incorporation of section 107.090 means that foreclosing homeowners' associations were required to provide notice to mortgage lenders even absent a request.
> . . . .
> If section 116.31168(1)'s incorporation of section 107.090 were to have required homeowners' associations to provide notice of default to mortgage lenders even absent a request, section 116.31163 and section 116.31165 would have been meaningless. We reject Bourne Valley's argument.

*Bourne Valley Court Trust*, 832 F.3d at 1159.

Accordingly, the court will deny SFR's motion to certify this question to the Nevada Supreme Court.

#### B. Motion to Dismiss (ECF No. 23)

##### 1. *Claims (1) & (2)*

Claims (1) and (2) of Wells Fargo's complaint seeks declaratory relief. Declaratory relief is a remedy, not a cause of action. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The declaratory relief remedy derives from the substantive claims for relief. *Roberts v. McCarthy*, No. 2:11-CV-00080-KJD, 2011 WL 1363811,

**James C. Mahan**
**U.S. District Judge**

- 5 -

at *4 (D. Nev. Apr. 11, 2011). Similarly, injunctive relief is a remedy, not an independent cause of action. *Alandia v. US Bank*, 2009 WL 4611442, at *3 (D. Nev. 2009). Accordingly, claims (1) and (2) of Wells Fargo's complaint will be dismissed without prejudice.

### 2. *Claims (3)–(5)*

The HOA argues that the court lacks subject matter jurisdiction to consider Wells Fargo's claims for wrongful foreclosure, violation of NRS 116.1113, and unjust enrichment. (ECF No. 23).

As a threshold matter, NRS 38.310 is an exhaustion statute that creates prerequisites for filing certain state-law claims, not a jurisdictional statute. *See, e.g.*, *Carrington Mortg. Servs., LLC, v. Absolute Bus. Sols., LLC*, No. 2:15-cv-01862-JAD-PAL, 2016 WL 1465339, at *3 (D. Nev. Apr. 14, 2016). Thus, NRS 38.310 cannot affect the court's subject matter jurisdiction.

In the present case, subject matter jurisdiction is determined pursuant to 28 U.S.C. § 1332, under which this court has diversity jurisdiction as the parties are diverse and the amount in controversy exceeds $75,000.00. (*See* ECF No. 1).

As to NRS 38.310, the statute sets forth prerequisites for commencing a civil action and provides, in relevant part:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues by stating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat. § 38.310(2).

Subsection (1) of NRS 38.330 states that "[u]nless otherwise provided by an agreement of the parties, mediation must be completed within 60 days after the filing of the written claim." Nev. Rev. Stat. § 38.330(1). While NRS 38.330(1) explains the procedure for mediation, NRS 38.310 is clear in providing that no civil action may be commenced "unless the action has been submitted to mediation." Specifically, subsection (1) goes on to state in relevant part:

> If the parties participate in mediation and an agreement is not obtained, any party may commence a civil action in the proper court concerning the claim that was submitted to mediation. **Any complaint filed in such an action must contain a sworn statement indicating that the issues addressed in the complaint have been mediated** pursuant to the provisions of NRS 38.300 to 38.360, inclusive, but an agreement was not obtained.

Nev. Rev. Stat. § 38.330(1) (emphasis added).

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013) (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12-CV-1367-JCM-PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.* Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to residential property." *Id.* at 558.

Similarly, Wells Fargo's violation of NRS 116.1113 claim alleges a NRS violation, which requires an interpretation of the regulations and statutes that contained conditions and restrictions applicable to the property so as to fall within the scope of NRS 38.310. *See id.* at 559.

"[U]njust enrichment is an equitable remedy." *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1093 (9th Cir. 2003). A claim for unjust enrichment qualifies as a "civil action" under NRS 38.300(3) "because it exists separate from the title to land." *McKnight Family, L.L.P.*, 310 P.3d at 559.

A claim to quiet title, however, is exempt from NRS 38.310 because "it requires the court to determine who holds superior title to a land parcel." *Id.* at 559. In *McKnight Family, L.L.P.*, the Nevada Supreme Court reversed the lower court's dismissal of plaintiff's quiet title and other claims because the parties had not participated in alternative dispute resolution before the plaintiff filed suit. *Id.* at 557. The court held that, while the other claims for relief were properly dismissed, the quiet title claim was not a civil action as defined in NRS 38.300(3), and was therefore exempt from the requirements of NRS 38.310. *Id.* at 559.

Wells Fargo's complaint does not contain a sworn statement indicating that the issues addressed therein have been mediated. In fact, the complaint contains no mention of mediation. Consequently, Wells Fargo must first submit these claim to mediation before proceeding with a civil action. *See e.g.*, *U.S. Bank, N.A. v. Woodchase Condo. Homeowners Ass'n*, No. 215CV01153APGGWF, 2016 WL 1734085, at *2 (D. Nev. May 2, 2016); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortg. Ass'n*, No. 214-cv-01975-KJD-NJK, 2015 WL 5709484, at *4 (D. Nev. Sept. 29, 2015).

Accordingly, Wells Fargo's claims for wrongful foreclosure, violation of NRS 116.1113, and unjust enrichment will be dismissed without prejudice.

### 3. *Claim (6)*

Wells Fargo asserts that its deed of trust was not extinguished by the foreclosure sale. In particular, Wells Fargo alleges that the HOA and HASI failed to give Wells Fargo constitutionally adequate notice of the notice of default and the notice of sale. (ECF No. 1 at 4–5). Wells Fargo further alleges that these notices were deficient because they failed to identify the superpriority amount claimed by the HOA and the consequences for failing to pay the lien amount. (ECF No. 1 at 5).

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Section 116.3116(1) of the NRS gives an HOA a lien on its homeowners' residences for unpaid assessments and fines. Nev. Rev. Stat. § 116.3116(1). Moreover, NRS 116.3116(2) gives

priority to that HOA lien over all other liens and encumbrances with limited exceptions—such as "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).

The statute then carves out a partial exception to subparagraph (2)(b)'s exception for first security interests. *See* Nev. Rev. Stat. § 116.3116(2). In *SFR Investment Pool 1 v. U.S. Bank*, the Nevada Supreme Court provided the following explanation:

> As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece. The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is "prior to" a first deed of trust. The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

334 P.3d 408, 411 (Nev. 2014) ("*SFR Investments*").

Chapter 116 of the Nevada Revised Statutes permits an HOA to enforce its superpriority lien by nonjudicial foreclosure sale. *Id*. at 415. Thus, "NRS 116.3116(2) provides an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *Id.* at 419; *see also* Nev. Rev. Stat. § 116.31162(1) (providing that "the association may foreclose its lien by sale" upon compliance with the statutory notice and timing rules).

Wells Fargo has failed to allege sufficient facts to support a reasonable inference that its claim to the property is superior to those of the named defendants. The complaint alleges that World Savings Bank, FSB recorded a deed of trust against the property on June 24, 2003, and that Wells Fargo is the successor by merger, but fails to allege any facts in support thereof. In particular, the complaint fails to state whether the merger occurred before the foreclosure sale and whether Wells Fargo subsequently recorded its interest so as to be entitled to constitutionally adequate notice.[1]

Moreover, Wells Fargo's complaint fails to set forth sufficient facts to support Wells Fargo's conclusory allegation that the notices were deficient because they failed to describe the

---

[1] To state a procedural due process claim, a claimant must allege "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist*., 149 F.3d 971, 982 (9th Cir. 1998). Based on the allegations set forth in the complaint, Wells Fargo has not sufficiently stated a due process claim. Specifically, Wells Fargo has not sufficiently alleged that it had a constitutionally protected interest in the property prior to the foreclosure sale so as to be plausibly entitled to relief.

"deficiency in payment" and identify the superpriority amount owed. (ECF No. 1 at 5). In particular, Wells Fargo erroneously relies on the current version of Chapter 116 to support its assertion that the notices were defective.[2] The current version of Chapter 116, however, is not controlling here. Rather, the version of Chapter 116 that applies is the version in effect at the time the events giving rise to this action occurred.

At the time the notices were recorded, the statute did not require the notices to identify the superpriority portion of the lien, but only the amount necessary to satisfy the lien. *See, e.g.*, Nev. Rev. Stat. § 116.31162(1)(b)(1) (*eff.* to Sept. 30, 2013) ("[A] notice of delinquent assessment which states the amount of the assessments."); Nev. Rev. Stat. § 116.311635(3) (*eff.* to Sept. 30, 2013) ("[T]he notice of sale . . . must include: (a) The amount necessary to satisfy the lien as of the date of the proposed sale.").

Further, the complaint fails to sufficiently allege that the foreclosure sale was commercially unreasonable. Wells Fargo merely states that the sale price was substantially lower than the property's fair market value without any allegations as to fraud, unfairness, or oppression. *See e.g.*, *Shadow Wood Homeowners Assoc. v. N.Y. Cmty. Bancorp., Inc.*, 366 P.3d 1105, 1112 (Nev. 2016) ("[D]emonstrating that an association sold a property at its foreclosure sale for an inadequate price is not enough to set aside that sale; there must also be a showing of fraud, unfairness, or oppression."); *Long v. Towne*, 639 P.2d 528 (Nev. 1982); *Nationstar Mortg., LLC v. SFR Investments Pool 1, LLC*, No. 70653, 2017 WL 1423938, at *2 n.2 (Nev. App. Apr. 17, 2017) ("Sale price alone, however, is *never* enough to demonstrate that the sale was commercially unreasonable; rather, the party challenging the sale must also make a showing of fraud, unfairness, or oppression that brought about the low sale price.").

Furthermore, Wells Fargo's complaint fails to allege that Wells Fargo tendered the lien amount prior to the foreclosure sale so as to prevent the sale from extinguishing its deed of trust. The holder of a first deed of trust may pay off the superpriority interest to keep its interest from being extinguished upon foreclosure of an HOA superpriority lien. *See SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, U.S. Bank could have paid off the SHHOA lien to avert loss

---

[2] The 2015 Legislature substantially revised Chapter 116. *See* 2015 Nev. Stat., ch. 266.

of its security . . . ."); *see also 7912 Limbwood Ct. Trust v. Wells Fargo Bank, N.A., et al.*, 979 F. Supp. 2d 1142, 1149 (D. Nev. 2013) ("If junior lienholders want to avoid this result, they readily can preserve their security interests by buying out the senior lienholder's interest." (citing *Carillo v. Valley Bank of Nev.*, 734 P.2d 724, 725 (Nev. 1987); *Keever v. Nicholas Beers Co.*, 611 P.2d 1079, 1083 (Nev. 1980))).

In light of the foregoing, Wells Fargo has failed to sufficiently state a quiet title claim. The complaint fails to set forth sufficient facts to plausibly suggest that Wells Fargo is entitled to relief on its quiet title claim. Accordingly, Wells Fargo's quiet title claim will be dismissed without prejudice.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED SFR's motion to certify (ECF No. 20) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the HOA's motion to dismiss (ECF No. 23) be, and the same hereby is, GRANTED consistent with the foregoing.

DATED May 9, 2017.

_____
UNITED STATES DISTRICT JUDGE