UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WELLS FARGO BANK, N.A., | Case No. 2:16-CV-2257 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| SFR INVESTMENTS POOL I, LLC, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff/counterdefendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss. (ECF No. 33). Defendant/counterclaimant SFR Investments Pool 1, LLC ("SFR") filed a response (ECF No. 38), to which Wells Fargo did not reply.

Also before the court is SFR's motion for partial summary judgment on an issue of law. (ECF No. 37).[1]

**I.  Facts**

This case involves a dispute over real property located at 1741 Choice Hills Drive, Henderson, Nevada 89012 (the "property"). Theresa J. Wingender obtained a loan from World Savings Bank FSB in the amount of $562,500.00 to purchase the property, which was secured by a deed of trust recorded on June 23, 2003. (ECF No. 1). Wells Fargo is the successor-in-interest to World Savings Bank FSB by merger. (ECF No. 1).

On January 17, 2007, Homeowner Association Services, Inc. ("HASI"), acting on behalf of Foothills at MacDonald Ranch Master Association (the "HOA"), recorded a notice of delinquent assessment lien, stating an amount due of $1,194.00. (ECF No. 1). On August 16, 2011, HASI

---

[1] The court finds no response necessary and further finds the motion properly resolved without oral argument. *See* LR 78-1.

**James C. Mahan**
**U.S. District Judge**

recorded a notice of delinquent assessment lien, stating an amount due of $19,454.00. (ECF No. 1). On August 29, 2011, HASI recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $24,129.69. (ECF No. 1). On August 12, 2013, HASI recorded a notice of trustee's sale, stating an amount due of $33,877.90. (ECF No. 1).

On September 26, 2013, SFR purchased the property at the foreclosure sale for $56,000.00. (ECF No. 1). A trustee's deed upon sale in favor of SFR was recorded on January 14, 2014. (ECF No. 1).

On September 26, 2016, Wells Fargo filed the underlying complaint, alleging six causes of action: (1) declaratory relief under the Takings Clause of the Fifth Amendment against all defendants; (2) declaratory relief under the Due Process Clause of the Fifth and Fourteenth Amendments against all defendants; (3) wrongful foreclosure against all defendants; (4) violation of NRS 116.1113 against the HOA and HASI; (5) unjust enrichment against the HOA and SFR; and (6) quiet title against all defendants. (ECF No. 1)

On January 6, 2017, SFR filed a counterclaim against Wells Fargo and a crossclaim against Transunion Settlement Solutions for quiet title and injunctive relief. (ECF No. 18).

On May 9, 2017, the court entered an order dismissing Wells Fargo's claims without prejudice. (ECF No. 45).

In the instant motions, Wells Fargo moves to dismiss SFR's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 33), and SFR moves for partial summary judgment on an issue of law (ECF No. 37). The court will address each in turn.

**II.     Legal Standards**

**A.  Failure to State a Claim**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed

James C. Mahan
U.S. District Judge

- 2 -

factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

### B. Summary Judgment

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*

1    *Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

#### A. Motion to Dismiss

As an initial matter, the court dismisses claim (2) of SFR's counterclaim as the court follows the well-settled rule in that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal–Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

In its motion, Wells Fargo argues that dismissal of SFR's quiet title claim is proper because the underlying statute violates due process. (ECF No. 33). Wells Fargo reasserts the same arguments (ECF No. 33 at 4–17) that the court rejected in its May 9th order (ECF No. 45 at 8–11).

Accordingly, for the same reasons set forth in the court's May 9th order (ECF No. 45), the court will deny Wells Fargo's motion to dismiss (ECF No. 33) as it relates to SFR's quiet title claim (ECF No. 18).

### B. Partial Motion for Summary Judgment

In its motion, SFR moves for an order that "post-*Bourne Valley* [*Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016)], under the Return Doctrine, NRS Chapter 116's 'notice scheme' 'returns' to its 1991 version." (ECF No. 37).[2]

In essence, SFR requests that this court issue an advisory opinion, which Article III prohibits. *See, e.g.*, *Calderon v. Ashmus*, 523 U.S. 740, 745–46 (1998). Specifically, the United States Supreme Court has held, in relevant part, as follows:

> [T]he Article III prohibition against advisory opinions reflects the complementary constitutional considerations expressed by the justiciability doctrine: Federal judicial power is limited to those disputes which confine federal courts to a rule consistent with a system of separated powers and which are traditionally thought to be capable of resolution through the judicial process.

*Flast v. Cohen*, 392 U.S. 83, 97 (1968).

Accordingly, the court will deny SFR's motion for partial summary judgment (ECF No. 37).

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Wells Fargo's motion to dismiss (ECF No. 33) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that SFR's claim for injunctive relief (ECF No. 18) be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

. . .

. . .

. . .

. . .

---

[2] The "return doctrine" provides that an unconstitutional statute is no law and the previous constitutional version of the law is revived when it is struck down. *See, e.g.*, *We the People Nev. ex rel. Angle v. Miller*, 192 P.3d 1166, 1176 (Nev. 2008).

**James C. Mahan**
**U.S. District Judge**

- 6 -

IT IS FURTHER ORDERED that SFR's motion for partial summary judgment (ECF No. 37) be, and the same hereby is, DENIED.

DATED June 21, 2017.

_____
UNITED STATES DISTRICT JUDGE