John S. Delikanakis, Esq.
Nevada Bar No. 5928
Kiah D. Beverly-Graham, Esq.
Nevada Bar No. 11916
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501
Telephone: 775-785-5440
Facsimile: 775-785-5441
Email: jdelikanakis@swlaw.com
       kbeverly@swlaw.com

*Attorneys for Plaintiff Wells Fargo Bank, N.A.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A., a national banking association, <br><br>    Plaintiff, <br><br> vs. <br><br> SFR INVESTMENTS POOL 1, LLC, a Nevada limited-liability company; HOMEOWNER ASSOCIATION SERVICES, INC., a Nevada corporation; THE FOOTHILLS AT MACDONALD RANCH MASTER ASSOCIATION, a Nevada non-profit corporation;, <br><br>    Defendants. | Case No. 2:16-cv-02257-JCM-CWH <br><br><br> **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES** <br><br> **(FIRST REQUEST)** |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company, <br><br>    Counter-Claimant, <br><br> vs. <br><br> WELLS FARGO BANK, N.A., a national banking association; TRANSUNION SETTLEMENT SOLUTIONS, <br><br>    Counter-Defendant/Cross-Defendant. | |

4825-7745-7483

## STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES

Pursuant to Fed. R. Civ. P. 26(f), and Local Rules 6-1, 26-1 and 26-4, Wells Fargo Bank, N.A. ("Wells Fargo") and SFR Investments Pool 1, LLC ("SFR" and together with Wells Fargo, the "Parties"), by and through their respective undersigned counsel of record, submit this Stipulation and Proposed Order to extend the discovery deadlines in this action by sixty days. This is the Parties' first request for extension of the operative discovery schedule.[1]

### A. Discovery Completed

1. Both Parties have served document demands and written discovery;
2. SFR served answers and objections thereto;
3. Wells Fargo served its expert disclosures; and
4. The person most knowledgeable for SFR appeared for deposition.

### B. Discovery that Remains to be Completed

1. Wells Fargo's responses and objections to SFR's requests for production and written discovery (the deadline for these responses is upcoming);
2. Deposition of the person most knowledgeable for Wells Fargo;
3. Production of documents by non-party the Foothills at MacDonald Ranch Master Association (the "HOA"); and
4. Deposition of the person most knowledgeable for the HOA.

### C. Reasons Why Discovery Was Not Completed

The parties have acted diligently to complete discovery within the time provided. However, additional time is requested in good faith and for good cause for the following reasons.

First, a dispute arose between the parties over whether SFR's requests for admission and other discovery demands were within the scope of FRCP 26(b). On February 13, 2018 SFR served a detailed and expansive set of 112 requests for admission. Wells Fargo subsequently provided SFR a particularized list of its objections to these requests and the basis for a potential

---

[1] The parties previously submitted three different proposed Discovery Plans and Scheduling Orders. The first was denied without prejudice in light of the stay of this action. *See* ECF No. 52. The second was denied without prejudice for failure to include certain certifications required by local rule 26-1(b). *See* ECF No. 57. This is the first request for extension of an operative discovery plan.

4825-7745-7483

- 2 -

motion for a protective order.

On March 1, 2018 the parties conducted a meet and confer to address Wells Fargo's objections. The parties reached an agreement intended to obviate the need for judicial intervention. Wells Fargo agreed that, rather than move for a protective order, it will serve responses and objections to the requests to admit, with the intent that its responses will be used in lieu of deposition. Accordingly, SFR agreed to vacate the previously noticed deposition of the person most knowledgeable for Wells Fargo. SFR also agreed to withdraw an interrogatory and a request for production, both of which related to the RFAs, and which also sought a substantial amount of information in light of the number of RFAs.

In order to answer the expansive set of requests for admission, the parties further agreed that Wells Fargo's deadline to respond to SFR's discovery demands should be extended by thirty days from March 19, 2018 to April 16, 2018 and that SFR should be provided sufficient time thereafter to conduct a limited deposition of Wells Fargo's person most knowledgeable if necessary. The foregoing necessitates the extension requested herein.

Second, though Wells Fargo timely served subpoenas upon the non-party HOA for the production of documents and attendance at deposition, the HOA has yet to comply with either subpoena. Wells Fargo has engaged in continued discussions with counsel for the HOA and believes the documents and deposition testimony will be obtained without the intervention of the Court. However, counsel for the HOA advised Wells Fargo that it expects the document production will be extensive. Accordingly, additional time beyond the existing discovery cut-off is required for Wells Fargo to obtain the requested documents and then prepare for, and conduct, the deposition of the HOA.

Finally, the parties recognize that this request is made less than 21 days before the existing discovery cut-off date of March 22, 2018 and respectfully submit that the failure to make this request earlier was the result of excusable neglect. Specifically, as stated above, Wells Fargo originally believed it would be required to make a motion for a protective order, within the existing deadline, with respect to SFR's discovery demands. The issues presented by these demands were multi-faceted and required time to be researched and addressed in writing to SFR.

The parties promptly held a meet and confer thereafter and reached the resolution described above. Further, Wells Fargo has diligently attempted to obtain discovery from the HOA but, as of yet, has been unable to complete this process as described above. Finally, the Parties note that no party will be prejudiced by the requested extension.

D. **Proposed Schedule for Remaining Discovery**

| EVENT | EXISTING DEADLINE | NEW DEADLINE |
|---|---|---|
| Discovery cut-off | March 22, 2018 | May 22, 2018 |
| Dispositive motions | April 23, 2018 | June 23, 2018 |
| Pre-trial order and FRCP 26(a)(3) disclosures | May 23, 2018 | July 23, 2018 |

Dated: March 8, 2018.

**KIM GILBERT EBRON**

By: /s/ *Diana Cline Ebron*
Jacqueline A. Gilbert, Esq.
Nevada Bar No. 10593
Diana Cline Ebron, Esq.
Nevada Bar No. 10580
Karen L. Hanks, Esq.
Nevada Bar No. 9578
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139
*Attorneys for Defendant*
*SFR Investments Pool 1, LLC*

Dated: March 8, 2018.

**SNELL & WILMER L.L.P.**

By: /s/ *Kiah D. Beverly-Graham*
John S. Delikanakis, Esq.
Nevada Bar No. 5928
Kiah D. Beverly-Graham, Esq.
Nevada Bar No. 11916
50 West Liberty Street, Suite 510
Reno, Nevada 89501
*Attorneys for Plaintiff*
*Wells Fargo Bank, N.A.*

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: March 9, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2018, I electronically filed the foregoing with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ *Sheri Quigley*
An Employee of Snell & Wilmer L.L.P.